## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**ALISHA ASKEW, DEBORAH WILLIAMS**
and, **SHAVONNA ASKEW,** *Individually and on behalf of themselves and all other similarly situated current and former employees*,

Plaintiffs,

v.

**INTER-CONTINENTAL HOTELS CORPORATION (a/k/a "IHG"),**
**LINGATE HOSPITALITY,** *an assumed name of* **GLENN ENTERPRISES, INC.,**
**LINGATE,** *a subsidiary of Glenn Enterprises, Inc.,*
**BURGER THEORY,** *an assumed name of* **BIG BLUE BAR, INC.,** *and,*
**GLENN HIGDON,** *Individually*,

Defendants.

Case No. 5:19-cv-24-TBR

FLSA Opt-in Collective Action

**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Alisha Askew, Deborah Williams and Shavonna Askew, individually, ("Plaintiffs"), on behalf of themselves and other similarly situated current and former tipped employees (servers/bartenders) of Defendants, bring this collective action against Defendants, Inter-Continental Hotels Corporation (a/k/a Inter-Continental Hotels Group "IHG"), LinGate Hospitality, an assumed name of Glenn Enterprises, Inc. (a/k/a LinGate Hospitality Group), LinGate (comprised of Linmar Hospitality and Gateway Lodging), Burger Theory, an assumed name of Big Blue Bar, Inc. and, Glenn Higdon, individually, (collectively "Defendants") and, allege as follows:

1

# I.
# INTRODUCTION

This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiffs and other similarly situated current and former tipped employees of Defendants (also known as servers and bartenders), who are members of a class as defined herein.

# II.
# JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district and have engaged and continue to engage in wrongful conduct alleged herein in this district, during all times material to this action.

# III.
# CLASS DESCRIPTION

3. Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

"All current and former hourly-paid tipped employees (servers and bartenders) who have been employed by and worked at any Inter-Continental Hotels Corporation (IHG) restaurant, any Burger Theory restaurant or any restaurant franchised, owned, managed and/or operated by LinGate Hospitality, "LinGate" or Big Blue Bar, Inc. in the United States at any time during the applicable statutory limitations' period covered by this

Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## IV.
## PARTIES

4. Defendant Inter-Continental Hotels Corporation, a/k/a Intercontinental Hotels Group "IHG", is a Georgia Corporation and one of the world's leading hotel companies. Inter-Continental Hotels Corporation (hereinafter "IHG"), franchisees, manages, owns, oversees and/or operates such hotel brands as Holiday Inn, Crowne Plaza, Candlewood Suites, Intercontinental Hotels, Staybridge Suites, as well as Burger Theory restaurants, throughout the United States. Its U.S. corporate offices are located at Three Ravinia Drive, Atlanta, Georgia 30346. Plaintiffs have worked as hourly-paid tipped employees at IHG's and Lingate Hospitality's Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky at all times material herein. Inter-Continental Hotels Corporation has been an "employer" of Plaintiffs and class members as that term is defined in the FLSA, 29 U.S.C. §203(d), during all times material to this action.

5. Defendant Lingate Hospitality, an assumed name of Glenn Enterprises, Inc. is a Kentucky Corporation with its corporate offices located at 1701 Spring Bank Drive, Building A (Suite B), Owensboro, Kentucky 42203. Plaintiffs have worked as hourly-paid tipped employees at IHG's and Lingate Hospitality's Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky at all times material herein. Lingate Hospitality has

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

3

been an "employer" of Plaintiffs and class members as that term is defined in the FLSA, 29 U.S.C. §203(d), during all times material to this action.

6. Defendant LinGate (a/k/a Lingate Hospitality and Lingate Hospitality Group) is a Kentucky business entity with its principal offices located at 1701 Spring Bank Drive, Building A (Suite B), Owensboro, Kentucky 42203. According to its website, LinGate has been serving the hospitality industry since 1986 and is comprised of two companies: Linmar Hospitality and Gateway Lodging, Inc. (a Kentucky Corporation.) Plaintiffs have worked as hourly-paid tipped employees at IHG's and Lingate Hospitality's Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky at all material times herein. LinGate has been an "employer" of Plaintiffs and class members as that term is defined in the FLSA, 29 U.S.C. §203(d), during all times material to this action.

7. Upon information and belief, Burger Theory is an IHG F&B (food and beverage) jointly operated restaurant (with Lingate Hospitality) under IHG's "Be 1" concept, as well as an assumed name of Big Blue Bar, Inc., a Kentucky Corporation, whose principal owner and decision-maker has been Defendant Glenn Higdon, during all times material to this action.

8. Big Blue Bar, Inc. is a Kentucky Corporation, under whose name Burger Theory is assumed and, whose principal owner and decision-maker has been Defendant Glenn Higdon at all times material to this action.

9. Defendant Glenn Higdon has been the principal owner and officer of Lingate Hospitality, Glenn Enterprises, Inc., LinGate, Linmar Hospitality, Gateway Lodging and Big Blue Bar, Inc. and, was jointly responsible with IHG for the operational and compensation policies and practices related to Plaintiffs and class members at the Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky, during all times material herein. Glenn Higdon

has been an "employer" of Plaintiffs and class members as that term is defined in the FLSA, 29 U.S.C. §203(d), during all times material to this action.

10. Defendants have been joint employers of Plaintiffs and class members because they worked under Defendants' joint control and direction of the Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky, at all times material to this action.

11. Defendants constitute an integrated enterprise, as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(r), because their management, training, control and oversight activities relating to Plaintiffs and class members at the Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky have been performed through a unified operation of common control for a common business purpose, during all times material herein.

12. Plaintiff Alisha Askew has been employed by Defendants as an hourly-paid tipped employee at Defendants' Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky during all times material. (Plaintiff Alisha Askew's Consent to Join this collective action is attached hereto as *Exhibit A*.)

13. Plaintiff Deborah Williams has been employed by Defendants as an hourly-paid tipped employee at Defendants' Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky during all times material. (Plaintiff Deborah Williams' Consent to Join this collective action is attached hereto as *Exhibit B*.)

14. Plaintiff Shavonna Askew has been employed by Defendants as an hourly-paid tipped employee at Defendants' Burger Theory restaurant at 600 North Fourth Street in Paducah, Kentucky, within this district, during all times material. (Plaintiff Shavonna Askew's Consent to Join this collective action is attached hereto as *Exhibit C*.)

## V.
## ALLEGATIONS

15. Defendants, as joint employers and as an integrated enterprise, operated, trained, managed and "oversaw" the aforementioned Burger Theory restaurant located at the Holiday Inn Riverfront in Paducah, Kentucky, as well as operated, trained, managed and "oversaw" other restaurants throughout the United States.

16. On information and belief, IHG had training responsibilities relating to Plaintiffs and class members at the aforementioned Burger Theory restaurant in Paducah, Kentucky and required them to comply with and conform to IHG's standards, policies and practices while so employed during all times material to this action. IHG advertised and held itself out as having management and oversight authority over the aforementioned Burger Theory restaurant in Paducah, Kentucky and regarded Plaintiffs and class members as its employees. (IHG provided Plaintiffs and class members with free Amazon "Kindles" and allowed them to use "IHG" employee discount rates at all of its other hotels, "IHG" employee discount rates at Shell gas stations and "IHG" employee discount rates at Hertz rental car agencies, etc.

17. Defendants LinGate, LinGate Hospitality and LinGate Hospitality Group, had joint management responsibilities with IHG in the operation and control of the aforementioned Burger Theory restaurant in Paducah, Kentucky during all times material to this action.

18. The primary function of Defendants' hotel-related restaurants has been to sell and serve food and beverage items to customers.

19. On information and belief, the decisions regarding the compensation of Plaintiffs and other class members were made through an integrated team, under the control and direction of Glenn Higdon and IHG management.

20. Defendants have and continue to employ a time keeping system for tracking and reporting the compensable work time of Plaintiffs and class members.

21. At all times material to this action, Plaintiffs and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

22. Plaintiffs and class members are current or former employees of Defendants who were paid a "tip credit" rate (a rate less than minimum wage) of pay against the required FLSA minimum wage of $7.25 per hour. Therefore, Defendants violated the FLSA's minimum wage provision.

23. At all times material to this action, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, their tipped employees, including Plaintiffs and class members, likewise have engaged in interstate commerce during all relevant times.

24. At all times material to this action, Defendants have been an "employer" or "joint employer" as defined by the FLSA.

25. Defendants constitute an integrated enterprise, as defined in the FLSA, 29 U.S.C. § 203(r), during all times material herein.

26. Defendants have had a common plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor cost) of Plaintiffs and class members, to stay within or below such budgeted labor cost, during all times material herein.

27. Defendants have carried out their common plan, policy and practice of strictly enforcing their budgeted labor cost by inducing and forcing their restaurant managers to require, direct, encourage, entice and/or, suffer and permit, Plaintiffs and class members:

   (a) to perform maintenance, kitchen and housekeeping (dual occupation),[2] non-tip producing tasks for extended periods of time during their shifts while clocked-in to Defendants' time keeping system as tipped employees at a "tip credit" wage rate;

   (b) to perform non-tip producing "side work" tasks tangentially related to their tipped occupation but non-tip producing in nature more than twenty (20%) percent of their shifts, and attend meetings and training, while only receiving a tip credit for such work and time; and

   (c) to pool their banquet tips with cooks and housekeeping employees who are not hourly-paid tipped employees (constituting an unlawful "tip pool").

28. As tipped employees, Plaintiffs and putative class members performed non-tip producing tasks including, but not limited to: washing and stocking dishes and silverware; cutting lemons, limes, and fruit; washing linens; sweeping and mopping their assigned serving sections; cleaning, and dusting ledges; cleaning glass and windows; mopping; filling salt and pepper shakers; rolling silverware; various cooking duties, such as cooking french fries; stocking and filling condiments; busing tables; and preparing banquet areas, including arranging plates and glasses.

29. Plaintiffs and class members routinely work shifts that lasted between eight (8) and nine (9) hours.

---

[2] *See* 29 C.F.R. § 531.56(e)

30. Plaintiffs estimate that they routinely spent two (2) to three (3) hours performing non-tip producing tasks, as described above.

31. Accordingly, Plaintiffs and class members performed such "off-the-clock", "dual occupation", "more than twenty (20%) percent and related meetings/training time," and suffered a loss of tips as a result of the aforementioned unlawful "tip pool" scheme. Consequently, they were not paid the applicable FLSA minimum wage rate of pay for all such hours worked.

32. Further, Defendants cannot claim a tip credit for any tips Plaintiffs received from Defendants' customers. Defendants cannot establish they complied with the tip credit provisions of Section 203(m). *See* 29 U.S.C. § 2013(m). For example, as previously stated, at times Defendants required Plaintiffs, and putative class members, to give up a portion of their tips to ineligible employees and others not entitled to receive them.

33. Plaintiffs' and Class Members' "dual occupation", "more than twenty (20%) percent and related meetings/training time" and, "unlawful tip pooling" claims have been unified through common theories of Defendants' FLSA violations.

34. As a result, Plaintiffs and class members are entitled to at least the applicable FLSA minimum wage rates of pay for all such unpaid wage claims, including at least the applicable minimum wage rate of pay, without applying any tip credit, for all hours worked on shifts during which unlawful tip pooling occurred.

35. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

36. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

37. The net effect of Defendants' aforementioned plan, policy and practice of requiring Plaintiffs and other class members to perform unrelated maintenance, kitchen and housekeeping, non-tip producing (dual occupation) work for extended periods of time at only the tip credit rate when not assigned "tables" and customers, to perform unrelated preparation and maintenance "side work" of more than twenty (20%) percent of the time, and attend mandatory meetings and required training, while only receiving a tip credit wage for such time and, to unlawfully pool their banquet tips with non-tipped hourly-paid employees, was to stay within its "budgeted labor" cost for their jointly managed and operated restaurants and, thereby, save payroll costs and payroll taxes. As a consequence, Defendants have violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their tipped employees, including Plaintiff and class members.

38. Although at this stage Plaintiffs are unable to state the exact amount owed to them and class members, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

40. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

41. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, they believe there are hundreds of individuals in the putative class.

42. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and other members of the class who work or have worked for Defendants' restaurants were subjected to the same operational, compensation and timekeeping policies and practices of Defendants, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage and overtime compensation rates of pay.

43. As a result, such aforementioned unpaid wage claims of Plaintiffs and class members are unified through common theories of Defendants' FLSA statutory violations.

44. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected and/or required to perform work without being paid full compensation;

- Whether Defendants failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiff and the class.

45. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, they have retained competent counsel who are experienced in collective action litigation.

46. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

47. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

### COUNT I
### FLSA VIOLATIONS – MINIMUM WAGE
### (On Behalf of the Class)

48. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 44 above, as if they were fully set forth herein.

49. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a). Plaintiffs and class members likewise have been engaged in interstate commerce during all relevant times.

50. Pursuant to Defendants' aforementioned common plans, policies and practices, it has failed to pay Plaintiffs and other members of the class the applicable minimum wage rates for all work performed, as required by the FLSA.

51. At all times relevant and based on the aforementioned allegations, Defendants have had a common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all compensable time, including for all unrelated maintenance, kitchen and housekeeping "dual occupation" non-tip producing work time when not assigned "tables" and customers at only a tip credit wage rate, for all unrelated non-tip producing preparation and maintenance "side work" in excess of twenty (20%) percent of their time, and "meetings/training" time, at only a tip credit wage rather than at the applicable FLSA minimum wage rate of pay.

52. At all times relevant herein, Defendants' aforementioned common plans, policies and practices of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour for the aforementioned claims violate the FLSA. Such claims are unified through common theories of Defendants' FLSA violations.

53. At all times relevant and based on the aforementioned allegations, Defendants have had a common plan, policy and practice of pooling earned tips of Plaintiffs and class members with non-tipped hourly employees and, thereby constituting an unlawful "tip pool" compensation plan.

54. As result, Plaintiffs and class members are entitled to the applicable FLSA minimum wage rate of $7.25 per hour, without applying any tip credit, for all hours worked during shifts in which such unlawful "tip pooling" occurred, during the relevant statutory period of time herein.

55. At all times relevant, Defendants have had actual as well as constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all the aforementioned unpaid wage claims of at least the applicable FLSA minimum wage rate of pay.

56. Defendants knew or showed reckless disregard for whether their practices violated the minimum wage provisions of the FLSA.

57. Defendants' aforementioned FLSA violations were willful and, committed without a good faith basis. Therefore, Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable FLSA minimum wage rate of pay.

C. On Count I, an award of liquidated damages to Plaintiffs and other members of the class;

D. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable

Dated: February 15, 2019.                    Respectfully Submitted,

                                                          */s/ Lori Keen*
Lori Keen (KY BPR #90250)
Glassman Edwards Wade & Wyatt, PC
Attorney at Law
26 North 2nd St.
Memphis, TN 38103
(901) 527-4673
*lkeen@gwtclaw.com*

                                                                     &

Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR) #33830)
Robert E. Turner, IV* (TN BPR #35364)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*

*\* Pro Hac Vice Admission Anticipated*

*Attorneys for the Named Plaintiffs, on behalf of herself and all other similarly situated current and former employees*