UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00024-GNS-LLK

ALISHA ASKEW, DEBORAH WILLIAMS,
and SHAVONNA ASKEW, Individually and
on behalf of themselves and all other similarly
situated current and former employees                                PLAINTIFFS

v.

INTER-CONTINENTAL HOTELS CORPORATION;
LINGATE HOSPITALITY, an assumed name of
GLENN ENTERPRISES, INC.;
LINGATE, a subsidiary of Glenn Enterprises, Inc.;
BURGER THEORY, an assumed name of
BIG BLUE BAR, INC.; and
GLENN HIGDON, Individually                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Conditional Certification (DN 28). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED**, and within fifteen (15) days of the entry of this order the parties shall meet, confer, and file agreed-upon notice and consent forms consistent with this Memorandum Opinion and Order.

### I.    BACKGROUND

This action is brought as a collective action to recover unpaid compensation allegedly owed to Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs include Alisha Askew, Deborah Williams, and Shavonna Askew, individually, and on behalf of others similarly situated. (Compl. ¶¶ 3, 12-14, DN 1). Defendants include Inter-Continental Hotels Corporation, Lingate

Hospitality, an assumed name of Glenn Enterprises Inc., Lingate, a subsidiary of Glenn Enterprises, Inc., Burger Theory, an assumed name of Big Blue Bar, Inc., and Glenn Higdon, individually. (Compl. ¶¶ 4-9). Plaintiffs' claims arise from their employment at the Burger Theory restaurant in Paducah, Kentucky. (Compl. ¶¶ 4-9).

Plaintiffs have moved for conditional class certification, which Defendants oppose. (Pls.' Mot. Conditional Certification, DN 28; Defs.' Resp. Pls.' Mot. Conditional Certification, DN 31 [hereinafter Defs.' Resp.]). The motion is ripe for adjudication.

## II.     JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.    STANDARD OF REVIEW

Class actions under 29 U.S.C. § 216(b) require that: "(1) the plaintiffs must actually be similarly situated, and (2) all plaintiffs must signal in writing their affirmative consent to participate in the litigation." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (internal quotation marks omitted) (citations omitted). "Unlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class," and "[t]hese opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action." *O'Brien v. Ed Donelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) (citation omitted), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Therefore, the Court's task is to "first consider whether plaintiffs have shown that the employees to be notified" of the collective action "are, in fact, similarly situated." *Comer*, 454 F.3d at 546 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted).

As this Court has explained:

> Courts have used a two-phase inquiry when determining whether employees are similarly situated. The first phase takes place at the beginning of discovery. Authorization of notice requires only a "modest factual showing" that the plaintiff's "'position is similar, not identical, to the positions held by the putative class members.'" At this stage, courts generally consider the pleadings and any affidavits which have been submitted.

*Hathaway v. Shawn Jones Masonry*, No. 5:11-CV-121, 2012 WL 1252569, at *2 (W.D. Ky. Apr. 13, 2012) (internal citations omitted) (citation omitted). The initial certification is "conditional and by no means final." *Comer*, 454 F.3d at 546 (citation omitted).

If the plaintiffs meet this burden, then "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id.* (citation omitted). The Court must ensure that a "timely, accurate, and informative" notice is sent to properly notify the class of the proposed claim. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 166 (1989).

### IV. DISCUSSION

Plaintiffs bring a motion for conditional certification, within the "first phase" of class certification. Therefore, the Court uses the "fairly lenient" standard set forth by the Sixth Circuit in determining whether the class is made up of similarly situated Plaintiffs. *Comer*, 454 F.3d at 547 (citation omitted). The Court must then determine whether Plaintiffs' proposed notice form is "timely, accurate, and informative" properly notifying the potential class. *Hoffman*, 493 U.S. at 166.

#### A. Class Certification of "Similarly Situated" Employees

Plaintiffs seek to certify a class of "Hourly-Paid Tipped Employees classified as bartenders and servers" employed by Defendants, which operate hotels and restaurants throughout the United States (Pls.' Mem. Supp. Mot. Conditional Certification 1, DN 28-1 [hereinafter Pls.' Mem.]

3

(internal quotation marks omitted)).  Plaintiffs contend the class is similarly situated under 216(b) because they were all "victims of Defendants' single policy to deny them minimum wage for (1) time spent working before and/or after their regularly scheduled shifts; (2) time spent performing work duties that are not tip producing and are *completely unrelated* to their tipped occupation; (3) time spent performing work that is *tangentially* related to their tip producing job duties – but not themselves tip producing – in excess of 20% of their work time; and (4) wages lost due to unlawful tip pooling." (Pls. Mem. 11).  Plaintiffs state that the tipped employees making up the class have the same job duties and "are subject to the same policies and standards determining their compensation and performance requirements. (Pls. Mem. 11 (citation omitted)).

Defendants oppose the motion on the basis that Plaintiffs have not shown they are similarly situated to employees they intend to represent.  (Defs.' Resp. 2).  Defendants state that Plaintiffs' declarations are made without personal knowledge of how Defendants' policies pertain to other employees, and therefore are deficient.  (Defs.' Resp. 6).  Defendants assert that Plaintiffs' lack of knowledge prevents them from making "even a modest showing" that other servers are similarly situated."  (Defs.' Resp. 8).  Defendants argue "employees work in different factual and employment settings" and therefore the only way to prove what percentage of time is spent doing non-tip producing work is an individual analysis for each employee.  (Defs.' Resp. 8).

Additionally, Defendants submit that Plaintiffs' proposed class is too broad because Plaintiffs failed to produce evidence that all "bartenders and servers" were forced to spend more than 20% of their time doing non-tip producing work.  (Defs.' Resp. 11).  Defendants argue that the class should be limited to servers in Paducah because Plaintiffs had no personal knowledge of how servers are paid at the Burger Theory location in Owensboro, Kentucky.  (Defs.' Resp. 11).

4

Finally, Defendants contend that Plaintiffs have failed to show "sufficient interest" in the class, therefore conditional certification should be denied. (Defs.' Resp. 10).

Plaintiffs at the very least have a sufficient "modest factual showing" of a similarly situated class. *See Comer*, 454 F.3d at 546. All Plaintiffs perform essentially the same duties as servers in that they provide customer service to restaurant patrons by taking orders and serving food and drinks at hotels operated by Defendants. (A. Askew Dec. ¶ 3, DN 28-4; Williams Dec. ¶ 3, DN 28-4; S. Askew Dec. ¶ 3, DN 28-4). Defendants contend Plaintiffs cannot prove a similarly situated class because of a lack of personal knowledge. (Defs.' Resp. 8). Defendants additionally claim that the evidence offered certainly does not warrant a class of all "bartenders and servers." (Defs.' Resp. 11).

However, all three Plaintiffs state they were told by other servers, and observed other servers performing the same non-tipped duties they did. (A. Askew Dec. ¶¶ 5-8; Williams Dec. ¶¶ 5-8; S. Askew Dec. ¶¶ 5-8). These conversations and observations are admissible evidence to prove a similarly situated class. *See Hathaway*, 2012 WL 1252569, at *3 ("As *evidence* that other Laborers were subject to the same requirement, Plaintiff states that he *personally observed* other Laborers drive from homes that were closer to the work sites in order to report to the more distant Murray facility before riding in the company vehicle to the work site." (emphasis added)). This admissible evidence is sufficient to satisfy the "fairly lenient" standard employed at the initial phase of conditional certification. *See Comer*, 454 F.3d at 547. The Court also finds this evidence sufficient to establish a similarly-situated class of all servers and bartenders.

Additionally, Defendants' argument that "employees work in different factual and employment settings" is inconsequential. This Court has previously certified a class as situated class where the potential class members worked a variety of different schedules. *See Bassett v.*

5

*Tenn. Valley Auth.*, No. 5:09-CV-39, 2013 WL 665068, at *2-9 (W.D. Ky. Feb. 22, 2013) (certifying a class for overtime wages for travel to work when class consisted of individuals who traveled on different days for differing time periods and had differing work shifts). The fact that some servers worked on the breakfast, lunch, or dinner shifts would not disqualify the potential group as a similarly situated class.

The Court is also unpersuaded by Defendants' argument to limit the class members to employees of the Paducah restaurant. As illustrated above, a class of employees must only be similar, not identical. *See Green v. Platinum Rests. Mid-Am., LLC*, No. 3:14-CV-439-GNS, 2015 WL 6454856, at *2 (W.D. Ky. Oct. 26, 2015) (citing *Basset*, 2013 WL 665068, at *2-9). The Court concludes that servers and bartenders employed at the other hotels operated by Defendants are part of a similarly situated class.

Finally, the Court rejects Defendants' "sufficient interest" argument. Plaintiffs have no obligation to show potential class members will join at this stage; that is why notice is sent out following conditional certification. *See Johnston v. J&B Mech., LLC*, No. 4:17CV00051-JHM, 2017 WL 3841654, at *3 (W.D. Ky. Sept. 1, 2017) ("[T]he purpose of the conditional certification stage is not to determine if potential plaintiffs will join, but to actually give them notice of the pending collective action so they can decide whether to opt-in to the lawsuit."). Requiring Plaintiffs to show potential class members already informed and prepared to opt in before notice is sent out would be counterintuitive.

    **B.**    **Objections to Proposed Notice**

After determining that conditional certification is warranted, the Court must address the substance of the notice to be sent to similarly situated employees. *See Comer*, 454 F.3d at 546 ("The district court may use its discretion to authorize notification of similarly situated employees

to allow them to opt in to the lawsuit."). The Court must use its discretion to determine whether Plaintiffs' proposed notice provides "timely accurate, and informative" notice to the proposed class. *Hoffman*, 493 U.S. at 166. In their response, Defendants raise multiple objections to the proposed notice form proposed and request that the parties be ordered to meet and confer as to the content of the notice. (Defs.' Resp. 12). The Court discusses each issue below.

First, Defendants oppose distribution of the notice by email and argue that U.S. Mail is the proper way to send out the notice. (Defs.' Resp. 13). Because Plaintiffs have provided no reasoning as to why traditional mail will not effectively provide notice to potential plaintiffs, mail distribution is more appropriate in this case.[1] *See Rogers*, 2018 WL 4620977, at *5 (denying request to send notice through email because of a lack of support for the request); *see also Tassy v. Lindsay Ent. Enters., Inc.*, No. 3:16-CV-00077-TBR, 2017 WL 938326, at *5 (W.D. Ky. Mar. 9, 2017), *rev'd on other grounds*, No. 17-5338, 2018 WL 1582226 (6th Cir. Feb. 22, 2018) (denying request to post notice in Defendant's place of business).

The parties also disagree as to the appropriate opt-in period. Plaintiffs proposed that the period should be 90 days. (Pls.' Mot. Conditional Certification Ex. A, at 3, DN 28-2). Defendants argue that 30 days is an adequate time period. (Defs.' Resp. 14). As this Court has previously noted, "[t]he standard in FLSA cases in this jurisdiction is the middle ground of sixty days." *Green*, 2015 WL 6454856, at *4 (citation omitted). Therefore, the opt-in period will be 60 days.

---

[1] Defendants oppose the production of email addresses and only agree to provide the names and last known addresses of the putative class members. (Defs.' Resp. 13). Because notice will be provided by mail, it is unnecessary to address this argument. *See Tassy*, 2017 WL 938326, at *5 (citing *Young v. Hobbs Trucking Co., Inc.*, No. 3:15-CV-991, 2016 WL 3079027, at *3 (M.D. Tenn. June 1, 2016)) (stating there is little justification to require email addresses after limiting distribution of notice to first-class mail).

In addition, Plaintiffs requested a "reminder notice" be issued during this time, which Defendants argue is unnecessary. (Defs.' Resp. 14). The Court is inclined to agree with Defendants on this point. Additional notice risks suggesting the Court is encouraging participation in the claim or affirming the claim's merits, which should be avoided. *See Tassy*, 2017 WL 938326, at *5 (citing *Hoffman*, 493 U.S. at 168-69).

Defendants also request the heading of "United States District Court, Western District of Kentucky" be omitted because it could suggest to potential plaintiffs the Court has endorsed the merits of the claim. (Defs.' Resp. 15). Because it is standard practice in this district for this caption to appear on notice and consent forms, this heading will be included in the notice send to putative class members. *See Green*, 2015 WL 6454856, at *5 ("This argument is without merit. It is standard practice in this jurisdiction that such headings appear on notice and consent forms." (citation omitted)).

The Defendants also argue that Plaintiffs have failed to explain to potential class members their responsibilities if they choose to opt in by not explaining that plaintiffs who opt in could be liable to Defendants' for attorneys' fees if the litigation is unsuccessful. (Defs.' Resp. 15). "Warnings of that sort appear to be regularly endorsed in this Circuit." *Tassy*, 2017 WL 938326, at *5 (citations omitted). This language will ensure potential plaintiffs receive adequate notice allowing them to make an informed decision regarding this suit.

In addition, Defendants propose that the notice form should include language informing potential class members that if they opt in they have the right to retain their own counsel. (Defs.' Resp. 15). Plaintiffs, however, have already included a statement informing potential class members that if they choose not to join they can bring their own claim with their own attorney. (Pls.' Mot. Conditional Certification Ex. A, at 22). An additional statement that potential class

8

members can join this lawsuit with separate representation would only confuse the procedure of this case. *See Bassett v. Tenn. Valley Auth.*, No. 5:09-CV-39, 2010 WL 3092251, at *3-4 (W.D. Ky. Aug. 5, 2010).

Defendants also take issue with the "lookback period" under FLSA, arguing that it should be two years in this case instead of the three-year period Plaintiffs proposed. (Defs.' Resp. 16). Generally, the statute of limitations is two years for a FLSA cause of action, but if the cause of action arises out of a "willful" violation of FLSA the statute of limitations is three years. 29 U.S.C. § 255(a). Conduct is considered "willful" where the employer knew their conduct was prohibited by the statute or showed reckless disregard as to whether their conduct was prohibited. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ("The standard of willfulness that was adopted in *Thurston*–that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute–is surely a fair reading of the plain language of the Act."). Plaintiffs in this instance are alleging exactly that: Plaintiffs claim that they and similarly-situated potential plaintiffs all suffered under the policy of their employer. (Pls.' Mem. 11). A policy that denies its workers payment due under FLSA would surely qualify as reckless disregard. Therefore, the "lookback period" should remain three years as Plaintiffs proposed.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.     Plaintiffs' Motion for Conditional Class Certification (DN 28) is **GRANTED.**

2.     Within fifteen (15) days of the entry of this Memorandum Opinion and Order the parties shall meet, confer, and file agreed-upon notice and consent forms consistent with this Memorandum Opinion and Order. If the parties cannot agree as to any specific language in the

9

notice and consent forms, each party shall identify the language at issue, and file their proposed language with supporting memoranda.

                                                 Greg N. Stivers, Chief Judge
                                                 United States District Court

                                                              November 3, 2020

cc:     counsel of record